Hamza MOHAMMED, a.k.a. Mohammad Hamza, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70295.

Agency No. A75–658–838.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

Noemi G. Ramirez, Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Marion E. Guyton, Attorney, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM**

Hamza Mohammed, a native and citizen

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of Eritrea, petitions for review of the Board of Immigration Appeals' decision affirming without opinion an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We lack jurisdiction to review the IJ's determination that Mohammed is ineligible for asylum because he failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Under 8 U.S.C. § 1252, we have jurisdiction to review the IJ's denial of withholding of removal and relief under the CAT. We dismiss the petition in part, and deny it in part.

Because Mohammed failed to challenge the IJ's adverse credibility finding in his opening brief, he has waived that issue. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). Moreover, assuming Mohammed did not waive the issue, the record does not compel a contrary conclusion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Mohammed's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**